SCHROEDER and another, Plaintiffs and Respondents, vs. CHAPMAN and others, Defendants: JEFFERSON COUNTY and another, Defendants and Appellants.

*May 5—June 3, 1958.*

For the appellants there was a brief by *Rieser, Mathys, McNamara & Stafford,* and oral argument by *Willard Stafford* and by *Robert W. Smith,* all of Madison.

For the respondents there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry,* and oral argument by *Walter M. Bjork* and by *Floyd F. Tefft,* all of Madison.

MARTIN, C. J.   It is appellants' first contention that the trial court erred in finding as a matter of law that the county violated the parking statute, sec. 85.19 (1), Stats., with respect to the position of its truck on the highway at and just prior to the accident. (Question 3 (a), answered by the court.)  We are not agreed as to whether the trial court was in error in so holding. That may be so.

From a reading of the statute, it will be noted that it prohibits the parking, stopping, or leaving standing any vehicle, whether attended or not, upon any highway, and further "provided that *in no event* shall any person park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than 15 feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction along such highway." Other sections of the statutes make exceptions in the case of disabled and emergency vehicles.  Highway maintenance vehicles actually engaged in maintaining the highway (sec. 85.18 (12), Stats.) are permitted to operate on the left-hand side of the highway when they are designated or at night lighted according to the standard method of marking or lighting such vehicles as promulgated by the motor vehicle department.

It is not necessary to decide this first question, however, since there was no negligence found on the part of the respondent Mrs. Schroeder and any negligence of the appellants is sufficient to sustain the judgment. The evidence respecting the position of the truck, however, has a bearing on the jury's answer to question 3 (b) of the special verdict,

wherein it found that the county was negligent in the operation of its truck with respect to "warning travelers on the highway of the work being done by the county highway employees." The efficiency of the warning is to be determined by the hazard created.

The finding of the jury in its answer to question 3 (b) is supported by the evidence. It is undisputed that at and immediately prior to the accident the county's truck was in a position which blocked off the roadway so as to render it impossible for cars going in either direction to pass it. Users of a highway have the right to assume that the highway ahead will not be blocked and that if it is blocked, an efficient warning will be given. The greater the hazard the more efficient the warning should be. Such a blocking as completely prevents a driver from proceeding requires the most-efficient warning. Several methods are effective in such a situation. The road may be closed to traffic; proper signs may be posted; a flagman may be so placed as to control traffic in the blocked area. The evidence shows that these were all means which were available to the county and employed by it when other kinds of highway maintenance work were being done.

Appellants' position is that the only warning requirements applicable to county maintenance vehicles are those contained in sec. 85.06 (19), Stats., requiring that red flags be mounted on each corner of such vehicles while engaged in daylight maintenance work, and that the truck in question was so equipped. Sec. 85.06 (19) provides:

"(a) No tractor, truck, road grader, road drag, or other unit of road machinery used in highway construction or maintenance shall be used upon a highway unless such vehicle or machinery displays during daylight hours a red flag on each side of the front and a red flag on each side of the rear. During hours of darkness a red light visible at a distance of 500 feet shall be displayed on each side of the front

and each side of the rear to give adequate warning of the presence of such vehicle or machinery and *to show safe clearance for passing or overtaking vehicles. . . ."*

Sec. 85.06 (19), Stats., clearly contemplates a situation where the vehicle occupies only such portion of the roadway as will provide clearance for the passage of other vehicles, and the equipment required is for the purpose of showing that clearance. Here there was no clearance; the county truck completely blocked the roadway.

Christ Rude testified that a flag was placed at an angle overhanging the road at the edge of the black-top at the crest of the hill, but the evidence as to its position and visibility is conflicting. Both Chapman and his passenger testified they saw no flag at the top of the hill. Another witness who had passed over the hill about 4:30 that afternoon testified he saw none. Mrs. Schroeder testified the flag was not next to the black-top but off to the side and she could not say whether she saw the flag before she saw the truck. Two other witnesses who passed about 4:30 estimated that the position of the flag was one and one-half feet and from two to three feet off the black-top. One stated it was leaning westward; the other, that it was leaning but not over the black-top. One also testified that he saw the truck before he saw the flag.

Rude, who placed the flag, testified that the same kind of flag is used to indicate washouts. He testified that the county highway department has signs such as "men working," but they are not used for this kind of operation; that the county sometimes employs a man to stand in the middle of the highway with a red flag if the operation takes a long time.

From all the evidence the jury was compelled to conclude that the flag did not constitute adequate warning, considering the great hazard presented by the blocking of the road

by the dump truck 380 feet below the crest of the hill. It was entitled to believe the testimony that the flag could not be seen before the truck itself was visible. A flag which does not warn until the obstruction of which it is meant to warn can itself be seen, is no warning at all. This flag gave no warning that the entire road was blocked. Users of the highway had a right to assume that there was room to pass. Sec. 85.19 (1), Stats. Chapman testified that he came over the hill at a speed of 50–55 miles per hour, saw the truck approximately 300 feet ahead and the Schroeder car about half that distance away. Even if he had seen the flag, it would have given him little or no warning that the Schroeder car was stopped on the highway because the road was blocked by the truck. The jury could infer that the flag was sufficient warning for the first automobile but inadequate in a situation where the stopping of the first car would decrease the distance in which a following car could stop. Such a situation could and should have been anticipated by the county. Moreover, there is the evidence that other means of warning, such as the signs or a flagman, were available to the county. Under all these circumstances it could be well argued that the flag, as a matter of law, was inadequate and failed in its purpose, that other means of warning should have been adopted.

Appellants maintain that any negligence as to warning has no relation to the operation of the truck. Sec. 85.095 (2), Stats., under which these actions were brought, imposes liability on a municipality for any damage proximately resulting from the negligent operation of its motor vehicles, "which damage is occasioned by the operation of such motor vehicle in the performance of its business." The blocking of the highway and the giving of a proper warning are necessarily intermingled. The sufficiency of the warning depended on the nature of the hazard of which it was meant to give notice to users of the highway. Appellants cite *Raube v.*

*Christenson* (1955), 270 Wis. 297, 70 N. W. (2d) 639, where the plaintiff was injured at an intersection and brought an action against the county on the ground that it was negligent in covering up a stop sign with snow while clearing the streets. The court pointed out that the evidence showed the sign had been covered for a considerable period of time, anywhere from ten days to three weeks. The condition complained of was the result of the operation, not the operation itself, or the failure of the county to timely remove the snow from the sign, and this court held that the use of the vehicles was not the cause of the injuries and there was no liability under sec. 85.095 (p. 304) :

"We fail to perceive any reasonable connection between the use of any vehicles which projected the ice and snow to the vicinity of the sign and the injuries sustained by the plaintiff. The use of the vehicles was not reasonably incident to or associated with the collision."

In this case there is not only a reasonable, but a direct connection between the use of the truck and the insufficiency of the warning, and the jury found that the failure to properly warn was a proximate cause of the accident.

Appellants contend that it was error for the trial court to refuse their request for a question with respect to Mrs. Schroeder's lookout, since she testified she had a rear-view mirror but made no observation for following vehicles as she came down the hill. The argument has no merit. The evidence is undisputed that the Chapman car came over the hill "within a second or two" after the Schroeder car and at a speed of 50 to 55 miles per hour. Under those circumstances there was no time for Mrs. Schroeder to do anything to avoid the accident even if she had seen the Chapman car. Her attention was directed to the county truck.

It is further contended by appellants that the trial court should have found Mrs. Schroeder negligent as a matter of

law as to position on the highway because she stopped 175 feet from the county truck. The evidence does not show that she was stopped. Christ Rude testified that she was either stopped or proceeding at a very slow rate of speed, he could not say. Mrs. Schroeder testified that her last recollection was that she was in the "process of stopping." It could not be held as a matter of law that Mrs. Schroeder was negligent as to her position on the highway.

Mrs. Schroeder's position is comparable to that of the plaintiff in *Reuhl v. Uszler* (1949), 255 Wis. 516, 39 N. W. (2d) 444. In that case a minister stopped his car part way down a hill upon meeting a funeral procession. Shortly thereafter the plaintiff, following the minister's car, stopped in the road behind it. Defendant then came over the hill from behind at a high speed and collided with the plaintiff's car. This court held, first, that the parking statute, sec. 85.19, was never intended to apply to the plaintiff or to persons in a similar situation. It further held that plaintiff operated his car with ordinary care in stopping where he did and that he had the right to rely on sec. 85.40 (2) (b), Stats., and the assumption that other drivers would use ordinary care.

Even assuming that Mrs. Schroeder had stopped her car at a distance of 175 feet from the truck, we cannot say as a matter of law that it was negligence to do so. The truck was stopped or slowly moving when she saw it. She could not know which way it would pull out after it had dumped its load. Her attention was directed to the activity in front of her and she was exercising caution. She was not required to anticipate that Chapman would come from behind at a speed too great to stop.

Appellants complain of prejudice in an instruction to the effect that the parking statute was applicable to county trucks and that the county had the right to close off the highway to travel. In so far as the instruction affected the jury's consid-

eration of causation with respect to the negligence found by the court in question 3 (a), the matter is immaterial. With respect to the jury's consideration of the warning question, the instruction is proper. Appellants concede that the trial court gave their requested instruction that the county had no duty to warn of conditions which in and of themselves give ample warning to travelers. They point out, however, that the court further instructed the jury that the testimony showed the county truck completely blocked the highway and "Under such circumstances it was the duty of Jefferson county to warn travelers of the fact that the highway was blocked," and referred to the blocking as a "hazard." This, they argue, was erroneous and prejudicial in that it deprived them of the benefit of the instruction that where conditions themselves give ample warning there is no duty to warn. We cannot agree. What the instruction amounted to was that the warning would have to be commensurate with the hazard of the condition created. As stated above, this test or criterion was the proper one to apply in considering the sufficiency of the warning given.

Finally, appellants contend that these actions should not have been brought under sec. 85.095, Stats., because the position of the truck constituted an obstruction in the nature of an "insufficiency or want of repair" of the highway, actionable under sec. 81.15. Sec. 85.095 provides that anyone damaged by reason of the negligent operation of a motor vehicle "owned and operated by any municipality, . . . or the members or employees thereof . . . and which damage is occasioned *by the operation of such motor vehicle in the performance of its business,*" may file a claim therefor, etc. We cannot agree with appellants that the truck was not in "operation" within the meaning of sec. 85.095. Christ Rude testified that when he saw the Chapman car come over the hill the county truck had just completed its dumping opera-

tion and had started forward. The driver of the truck testified it was "pulling away." However, it is not necessary for a vehicle to be in motion to be in operation. See *Merklein v. Indemnity Ins. Co. of North America* (1934), 214 Wis. 23, 252 N. W. 280, and cases cited therein. The question involved is not similar to that in *State v. Hall* (1955), 271 Wis. 450, 73 N. W. (2d) 585, where the defendant was charged with operation of a motor vehicle while intoxicated. He was found slumped in the passenger seat of his car parked in the middle of a street with the motor running, and the court held the evidence insufficient to show that he had driven the car to where it was found. In that case we did not say that the car was not in operation; we held the defendant was not operating it.

Here the county truck was in the course of performing its business of road maintenance when it blocked the highway. Appellants suggest the real negligence in this case concerns not the operation of the truck but the failure to provide adequate warning, which would not be included under sec. 85.095, Stats. The performance of its business also gave rise to the duty to provide adequate warning and, as pointed out above, was a necessary incident to the operation of the truck.

*By the Court.*—Judgments affirmed.

WINGERT, J., took no part.