**Mrs. Cleo STROO et al., Plaintiffs,**

v.

**J. B. FARMER, Defendant.**

**Civ. A. No. 1609.**

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Dec. 28, 1961.

v. Sul, 146 Conn. 78, 83, 147 A.2d 686 (1958).

James Finch, Hattiesburg, Miss., for plaintiffs.

Dudley W. Conner, Hattiesburg, Miss., Kalford C. Ratcliff, Beard, Pack, Ratcliff & Dillard, Laurel, Miss., for defendant.

COX, District Judge.

This is a diversity action under the Mississippi Wrongful Death Statute, Code 1942, § 1453, by the heirs of Johnny Stroo for his accidental death. The Defendant is a citizen of Arkansas. He sold and was delivering by motor truck a large load of baled hay on the private premises of the Owen Brothers Stockyards in Hattiesburg when the decedent was crushed between two trucks in the barn of the stockyard where the hay was to be unloaded. Process was had on the non-resident Defendant by service on the Secretary of State of the State of Mississippi at Jackson. The Defendant has moved to quash such process and dismiss this suit for lack of jurisdiction of the person of the Defendant. A consideration of that motion requires an analysis of the facts in this case as applied to this Mississippi statute. The complaint avers that the Defendant was a non-resident user of the highways of Mississippi and concluded that the Secretary of State of the State of Mississippi was thereby constituted as the statutory agent for process on said non-resident under Section "9352–60 (sic), as amended, of the Mississippi Code of 1942". Section 9352–61, Mississippi Code 1942, provides that the acceptance by a non-resident of the rights and privileges conferred by the provisions of the Act, as evidenced by his operation of a motor vehicle upon any public street, road, or highway of this State, *or elsewhere in this State* "shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his lawful attorney, upon whom may be served all lawful process or summons in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such street, road or highway, or elsewhere in this state, * * *". The Defendant contends that the hay truck belonging to him was not in motion at the time of the fatal injury of the deceased. The Defendant contends that the large bob-tailed truck of the stockyards which was backed up to the hay truck either backed under its power or rolled under the power of gravity backward down a fifteen (15) degree incline to crush the deceased against the back of the hay truck. The Plaintiffs contended on the other hand that the motor of the hay truck was running at the time and that the driver of that truck was in the driver's seat behind the wheel and so much of such facts are admittedly true, but the Plaintiffs further contend and the Defendant denies that the hay truck was put in reverse gear and moved backward to crush the diaphragm of the deceased. Action on the motion was deferred under the circumstances because of the inter-laced facts and circumstances to allow a jury to say on a hearing of the entire case whether or not the deceased was injured as Plaintiffs contended. The jury returned a verdict for the Plaintiffs in the amount of $75,-000.00. Obviously, the jury found that

the decedent was fatally injured by the operation of this truck on such occasion by this non-resident of Mississippi.

Section 9352–61, Code 1942 as last amended by Chapter 262, Mississippi Laws 1958, is a procedural statute and is remedial in nature. It does nothing but confer jurisdiction of the person of a non-resident upon a Mississippi court where such non-resident meets with an accident as a result of or incident to his use by travel of the highways of the State. The non-resident thereby ipso facto appointed the Secretary of State as his agent for process on him in this case. 50 Am.Jur. 415, provides:

"It is a general rule of law that statutes which are remedial in nature are entitled to a liberal construction, in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute."

82 C.J.S. Statutes § 388, p. 918, provides:

"A remedial statute is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good, and generally is to be liberally construed."

82 C.J.S. Statutes § 395, p. 944, provides:

"As a general rule, statutes relating to remedies and procedure are liberally construed with a view to the effective administration of justice."

The wholesome effect and purpose of this Mississippi statute is noted and applied in Tanksley v. Dodge, 5 C.A., 181 F.2d 925.

Whether the wheels of this truck were in motion or not at the time is not entirely determinative of this question. Admittedly, the motor on this truck was running at the time of this accident and the driver of this truck was in his seat behind the wheel prepared to put it in motion if he did not actually do so. At the time of the accident this truck had traversed many miles of Mississippi highway between the Greenville, Mississippi, bridge where it entered the State and the position where the truck was found in this barn on private property at the time of this accident. The truck was being used to transport and deliver hay to the stockyards. The further the truck was able to back up into the barn, the shorter the distance the hay would have to be carried to reach its final destination in the loft of this barn. This bob-tail truck at the time was employed as an aid to facilitate the unloading of this hay and its placement in the loft of this building. It cannot be gainsaid under the circumstances that this truck, being subjected at the time to such use and for said purpose, that it was engaged in the operation elsewhere than on the highway within the purview of this statute. This statute was carefully designed and intended by the Legislature of this State to obviate the necessity for these residents to journey to Arkansas at great expense to litigate this claim against this Defendant.

There are indeed cases to be found in the books which give comfort to Defendant's contention, such as Acuff v. Service Welding & Machine Company, D.C., 141 F.Supp. 294. That case involved the Tennessee statute (§ 20–224, Code 1932, § 8671 of the State of Tennessee) which provides for secondary service of process on a non-resident for an accident *on highway or highways within the state.* The Plaintiff in that case got his foot caught in a hole in floor of the truck that had rotted and was injured while unloading cargo. That decision was materially controlled by the wording of the Tennessee statute. The Mississippi statute does not restrict such accidents to the highways but provides that secondary service may be had even where the accident happens elsewhere in Mississippi. The Defendant here completed his mission by delivering said hay at Hattiesburg and returning to his home in said truck over the highways of this State. In Hurwitch v. Adams (Kohanovich v. Youree), Del., 155 A.2d 591, 73 A.L.R.2d 1347, a similar

statute was before the Supreme Court of Delaware for an accident which happened on a private parking lot while a non-resident was attempting to drive his car from the lot to a public street. It was contended that the secondary service of process was invalid because the car of the non-resident of Delaware was not on the highway at the time and the accident was not attributable to the use of its highways. The Court, in applying that statute, said that it should not unduly restrict the affording of this sought for remedy and said that the statute applied provided such operation is in connection with the use of the highways or reasonably incidental thereto. To hold otherwise, would make the remedy of the statute dependent upon the precise site of occurrence, i. e., within the lateral bounds of a highway right-of-way. Such a drawing of fine lines would defeat the fundamental purpose of the statute. Copious notes in that case unmistakably support the views of the Court here in this case. Aside from the verdict of the jury and its inescapable impact upon the facts presented by this motion, it is the opinion of the Court that this truck of this non-resident at this time was being operated in Mississippi within the purview of this statute so as to constitute the Secertary of State of the State of Mississippi as the statutory agent of the non-resident Defendant in this case. The starting of the motor is itself the operation of the motor vehicle. Commonwealth v. Uski, 263 Mass. 22, 160 N.E. 305, 306; State v. Ray, 133 A. 486, 488, 4 N.J.Misc. 493. It is not necessary for the truck to be in motion to be in operation at the time. Widenhaupt v. Vander Loop, 5 Wis.2d 311, 92 N.W.2d 815, 818; Schroeder v. Chapman, 4 Wis.2d 285, 90 N.W.2d 579, 586; McDonald v. Superior Court, Cal.App., 268 P.2d 1076, 1078, 1079; Bradam v. State, 191 Tenn. 626, 235 S.W.2d 801, 802; Diggins v. Theroux, 314 Mass. 735, 51 N.E.2d 425, 426.

Accordingly, it is clear to the Court that the Secretary of State of the State of Mississippi was duly constituted and appointed as agent of the non-resident Defendant for process on him in this case under the facts and circumstances stated and that this Court has full jurisdiction of the person of the Defendant and that the motion to quash the process and dismiss the suit is without merit and is overruled. An order to such effect may be presented for entry.