Thomas P. PRITCHETT, Plaintiff-Appellant.

v.

TOWN OF BEETOWN, a domestic political corporation, and Heritage Mutual Insurance Company, a domestic insurance corporation, Defendants-Respondents. †

Court of Appeals

*No. 85–1773. Submitted on briefs January 22, 1986.—*
*Decided February 20, 1986.*
(Also reported in 385 N.W.2d 225.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Lynn R. Laufenberg* and *Frisch, Dudek & Slattery* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *F. J. Antoine* and *Peterson, Antoine & Peterson* of Prairie du Chien.

Before Gartzke, P.J., Dykman, J. and Eich, J.

DYKMAN, J. Thomas Pritchett was injured when his tractor fell or skidded off a town road. In his complaint, he alleged that the Town of Beetown caused his injuries by negligently grading the road. The parties agree that the grading was done by a town employee using a motor grader. The jury found the town negligent and awarded Pritchett damages of $142,979.66. The trial court limited Pritchett's recovery to $50,000 pursuant to sec. 81.15, Stats., which provides in pertinent part:

> If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village. . . . The amount recoverable by any person for any damages so sustained shall not exceed $50,000. . . .

Pritchett contends that sec. 345.05(2), Stats., which contains no limitation on damages, applies to this case. That statute provides in pertinent part:

> A person suffering any damage proximately *resulting from the negligent operation of a motor vehi-*

425

*cle* owned and operated by a municipality, which damage was occasioned by the operation of the motor vehicle in the course of its business, may file a claim for damages against the municipality concerned and the governing body thereof may allow, compromise, settle and pay the claim. . . . [Emphasis added.]

The material facts concerning the grading and its causal relationship to Pritchett's injuries are undisputed. The application of a statute to a particular set of facts is a question of law. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). Where material facts are undisputed, we review the record *ab initio. Dept. of Revenue v. Bailey-Bohrman Steel Corp.,* 93 Wis.2d 602, 606, 287 N.W.2d 715, 717 (1980). We decide which statute applies without deference to the trial court's conclusion.

Section 345.05, Stats., and its predecessors have been applied to several fact situations. In *Raube v. Christenson,* 270 Wis. 297, 70 N.W.2d 639 (1955), county workers used motor vehicles to plow snow so as to cover a stop sign. An accident occurred because a driver did not see the covered sign. The court concluded that the use of the motor vehicles did not cause the injuries sustained in the accident. *Id.* at 304–05, 70 N.W.2d at 643. However, in *Schroeder v. Chapman,* 4 Wis.2d 285, 294, 90 N.W.2d 579, 585 (1958), the court concluded that a warning flag placed so as to provide insufficient warning of a county highway vehicle was negligent operation of a motor vehicle. In *Rabe v. Outagamie County,* 72 Wis.2d 492, 494, 241 N.W.2d 428, 431 (1976), a worker was killed when a stump rolled from the bed of a dump trunk. The court concluded that the

death was not caused by the operation of a motor vehicle. *Id.* at 497, 241 N.W.2d at 431.

In *Hamed v. Milwaukee County,* 108 Wis.2d 257, 321 N.W.2d 199 (1982), the court concluded that a county bus driver's failure to control or supervise a passenger did not involve the operation of a motor vehicle. The court attempted to reconcile *Rabe* and *Schroeder.* It did not consider *Raube.*

Both parties focus on the following paragraph in *Hamed* which they conclude controls the outcome in this case:

> The *Schroeder* and *Rabe* cases attempt to draw a line between operation of a motor vehicle and the collateral use of a motor vehicle. In *Rabe* we concluded sec. 345.05 was not so all encompassing as to include all aspects of "ownership, maintenance and use" of a motor vehicle and that negligence in the uses of the vehicle other than in the operation of the vehicle was to be governed by the provisions of sec. 895.43. The cases appear to limit operation of a motor vehicle to those activities which involve the mechanical functioning of a motor vehicle. We conclude that the negligent supervision of passengers on a bus is not an activity which involves the mechanical functioning of a motor vehicle.

*Hamed,* 108 Wis.2d at 277–78, 321 N.W.2d at 210.

In *Raube, Schroeder, Rube* and *Hamed,* the court dealt with fact situations involving an allegedly negligently managed motor vehicle. Even *Schroeder,* a case which involved a county's failure to warn of danger, involved the negligent placement of a truck across a highway. Beetown's negligence was of a different sort.

Pritchett's theory of the accident's cause was that the road grading created an unstable condition in the

gravel at the edge of the road, permitting the gravel to suddenly slump or collapse when the tractor wheel came too close to the road's edge. The jury believed him, and found the town 80% causally negligent. Pritchett's expert witness testified that the accident was caused by several factors, mainly the failure to compact the gravel at the edge of the road or the shoulder. He also testified that the town should have widened the road at the accident site. He did not testify that the grader operator improperly operated the grader, or that the accident could have been prevented had the operator graded the road in a different manner. In his opinion, the cause of the accident was the soft shoulder, and the accident could have been prevented by compacting the soft or loose gravel, or widening the road. The problem, as Pritchett's expert viewed it, was not that the soft shoulder was created, but that it was not remedied.[1]

The town's failure to widen the roadway or compact the shoulder was human error. There is no evi-

---

[1] Pritchett's expert witness also suggested that wood posts, fencing, or steel posts with reflectors could have been placed at the accident site, though he believed those items would themselves constitute a hazard. He also suggested that a temporary warning sign could have been used to warn of the soft shoulder. Though the township could have been found negligent for its failure to fence or warn, neither of those activities is more than collaterally related to the use of a motor vehicle. Even in *Schroeder,* the inadequate warning was "necessarily intermingled" with the county's negligence in blocking a highway. *Schroeder,* 4 Wis.2d at 293, 90 N.W.2d at 584. Here, there is no equivalent to blocking a highway; no one has suggested or proven that the grader operator negligently created the soft shoulder, and there is no evidence that he knew of the condition, or ought to have known of it.

dence that the soft shoulder was created as the result of anyone's negligence. The use of a motor vehicle to create the soft shoulder is therefore irrelevant. Pritchett's injury resulted from a human failure to compact loose gravel or to add fill to the edge of the roadway. He did not establish a negligent use of a motor vehicle. The trial court properly limited his damages to $50,000.

*By the Court.*—Judgment affirmed.