Theodore FROSTMAN and Helen Frostman, Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Tricia Notzke, Transportation Insurance Company, State of Wisconsin, Department of Justice, State of Wisconsin, Department of Transportation, Defendants,

SENTRY INSURANCE, Michael Borski, and Portage County, Defendants-Respondents.†

Court of Appeals

*No. 92-0243. Submitted on briefs July 13, 1992.—Decided September 9, 1992.*

(Also reported in 491 N.W.2d 100.)

†Petition to review denied.

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Donald L. Romundson* and *Ralph J. Tease, Jr.,* of *Liebman, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

On behalf of defendants-respondents, the cause was submitted on the brief of *Michael C. Grzeca* of *Grzeca & Stanton, S.C.* of Green Bay.

An amicus curiae brief was filed on behalf of defendants State Farm Mutual Automobile Insurance Company and Tricia Notzke by *Peter J. Hickey* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Theodore and Helen Frostman appeal a summary judgment dismissing their action

against Portage County, Michael Borski and Sentry Insurance (collectively, the county) for negligently operating a snowplow.[1] The trial court held that the county was immune from liability as a matter of law because plowing snow is a discretionary act and because of the public policy considerations stated in *Sanem v. Home Ins. Co.*, 119 Wis. 2d 530, 539, 350 N.W.2d 89, 93 (1984). Because we conclude that the legislature, by enacting sec. 345.05, Stats., expressly declared that municipalities should be held liable for the negligent operation of their motor vehicles, we reverse and remand for further proceedings.

The material facts are undisputed. Tricia Notzke was driving west on Highway 10, a two-lane highway. She was following a Portage County snowplow driven by Borski. The snowplow was a licensed vehicle. As she approached the snowplow, her visibility was allegedly reduced to a "white out" from the snowplowing operation. After Notzke lost all visibility, Frostman's vehicle, traveling east, collided with her vehicle in his lane of traffic.

Frostman brought a negligence action against the county for plowing at an excessive rate of speed, inattentive driving and failing to properly decrease the amount of blowing snow. The county moved for summary judgment, which the trial court granted. When reviewing a summary judgment, we apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court. *Kreinz v. NDII Secs. Corp.*, 138 Wis. 2d 204, 209,

---

[1] Pursuant to a stipulation, the action against the State of Wisconsin, Department of Justice and the State of Wisconsin, Department of Transportation has been dismissed on the merits without prejudice. We granted State Farm Insurance and Tricia Notzke permission to file a nonparty brief.

406 N.W.2d 164, 166 (Ct. App. 1987). Because that methodology is well known, it need not be repeated here. *Paape v. Northern Assur. Co.,* 142 Wis. 2d 45, 50, 416 N.W.2d 665, 667 (Ct. App. 1987).

The county argues, citing *Sanem,* that it should be afforded immunity because of public policy considerations. We disagree. We first note that so far as governmental responsibility for torts is concerned, the rule is liability, the exception is immunity. *Holytz v. City of Milwaukee,* 17 Wis. 2d 26, 39, 115 N.W.2d 618, 625 (1962). Second, *Sanem* is distinguishable from the circumstances presented here.

In *Sanem,* the court declined to hold a county liable for failing to remove snow mounds from median strips adjacent to highway intersections and for knowingly allowing the dangerous intersection to exist without notice to snow removal authorities. *Id.* at 541, 350 N.W.2d at 94. The court reasoned that imposing liability would place an unreasonable and unmanageable burden upon the county because attempting to clear all such medians would be an unworkable task and extremely costly. *Id.* at 540, 350 N.W.2d at 93. Furthermore, the court noted that because of the staggering number of intersection accidents occurring yearly, imposing liability would subject the county to substantially more trials, with the accompanying costs and financial liability. *Id.*

In *Sanem,* there was no statutory provision expressly imposing liability. Here, the legislature has expressly provided for municipal liability for motor vehicle accidents. Section 345.05(2), Stats., states that:

A person suffering any damage *proximately resulting from the negligent operation of a motor vehicle* owned and operated by a municipality, which damage

was occasioned by the operation of the motor vehicle in the course of its business, may file a claim for damages against the municipality . . ..
(emphasis added).

Given the express mandate by the legislature, we decline to hold the county immune from liability.

In rejecting the claim of immunity, we emphasize the fact that the damages are alleged to be substantially caused by vehicle operation. Frostman alleges excess speed and inattentive driving as causes of the accident. Thus, these allegations are easily distinguished from the failure to maintain the intersection alleged in *Sanem*.

██

Moreover, exposing the county to liability would not be unduly burdensome. First, it is unlikely that accidents involving snowplows are nearly as numerous as accidents occurring at intersections, and therefore the county will not be subjected to substantially more lawsuits. Second, we are not placing an unworkable task upon the county. Rather, we are merely willing to impose liability when the county fails to exercise its duty of ordinary care when engaging in snowplowing. And it is the function of the jury to decide whether that care was exercised in this case.

The county further contends that the discretionary immunity defense provided by sec. 893.80(4), Stats., is applicable to sec. 345.05, Stats., claims. Therefore, the county argues that because snowplowing is a discretionary act, it is immune from liability.[2]

---

[2]Generally, a discretionary act involves the exercise of discretion and judgment. *Harkness v. Palmyra-Eagle School Dist.*, 157 Wis. 2d 567, 575, 460 N.W.2d 769, 772 (Ct. App. 1990). "A nonimmune, 'ministerial' act, on the other hand is one 'where the . . . duty is absolute, certain and imperative, involving merely the performance of a specific task' and 'the time, mode and occasion

██ Section 893.80(4), Stats., grants immunity to municipalities for "quasi-legislative and "quasi-judicial" acts, and those terms have been held to be synonymous with "discretionary" acts. *Harkness,* 157 Wis. 2d at 574, 460 N.W.2d at 772. Section 893.80 was enacted in response to the supreme court's decision in *Holytz,* the case abrogating the historic common-law doctrine of municipal tort immunity. *Harkness,* 157 Wis. 2d at 579, 460 N.W.2d at 774. It is a general statute applicable to all tort claims against a municipality. *Harte v. City of Eagle River,* 45 Wis. 2d 513, 520–21 n.5, 173 N.W.2d 683, 687 n.5 (1970).

██ Section 345.05, Stats., however, is a specific statute governing tort claims based on motor vehicle accidents. We follow the cardinal rule of statutory construction that when a general statute and a specific statute relate to the same subject matter, the specific statute controls. *State v. Okray Produce Co.,* 132 Wis. 2d 145, 151, 389 N.W.2d 825, 827 (Ct. App. 1986). Because sec. 345.05 is a specific statute expressly permitting municipal liability for motor vehicle accidents without any explicit provision limiting liability to ministerial acts, we conclude that the discretionary act immunity defense under sec. 893.80, Stats., is inapplicable to sec. 345.05 claims.

Our decision is in accordance with case law. Section 345.05, Stats., was originally enacted in 1929.[3] Nowhere

---

for its performance' are defined 'with such certainty that nothing remains for the exercise of judgment and discretion.' " *Id.* (quoting *C.L. v. Olson,* 143 Wis. 2d 701, 717, 422 N.W.2d 614, 620 (1988)). Frostman does not dispute that the act of snowplowing is discretionary, and therefore we deem that argument waived.

[3]Section 345.05 was originally numerated as sec. 66.095, Stats. Section 66.095 was enacted by ch. 77, Laws of 1929. Sec-

in its lengthy history has there ever been a discussion concerning the discretionary immunity defense. In addition, in *Raube v. Christenson,* 270 Wis. 297, 70 N.W.2d 639 (1955), our supreme court implicitly contemplated an action against a county for the negligent operation of a snowplow.

In *Raube,* the plaintiff was injured in an automobile accident at an intersection. The plaintiff claimed that a county maintenance crew was negligent in covering the stop sign at the intersection with snow and ice. She contended that her injuries grew out of the use of automobiles and therefore sec. 85.095, Stats., now sec. 345.05, Stats., was applicable. The court rejected her argument, reasoning that the use of the county's vehicles were not reasonably associated with the collision. *Raube,* 270 Wis. at 306, 70 N.W.2d at 644. The court then held that because the plaintiff's cause of action did not grow out of the use of the county's vehicle, sec. 85.095 was inapplicable. *Raube,* 270 Wis. at 306, 70 N.W.2d at 644. Thus, implicit in the court's holding is that sec. 345.05 is applicable when the cause of action involves the operation of snowplows.

██

The fact that there was no contact or collision involving the snowplow itself is also irrelevant. In *Schroeder v. Chapman,* 4 Wis. 2d 285, 90 N.W.2d 579 (1958), the plaintiff was injured when she was rear ended while stopping for a county truck blocking the road. The county argued that the action could not be brought under sec. 85.095, Stats., now sec 345.05, Stats., because failure to place warning signs and the position of the truck did not constitute operation of the truck. *Schroe-*

tion 66.095 was renumbered as sec. 85.095, Stats., and revised by ch. 183, Laws of 1947. Section 85.095 was repealed and recreated as sec. 345.05 by chs. 260 and 605, Laws of 1957.

*der,* 4 Wis. 2d at 296, 90 N.W.2d at 584, 586. The court, in holding that the truck was in operation within the meaning of the statute, stated that "the county truck was in the course of performing its business of road maintenance when it blocked the highway [and] [t]he performance of its business also gave rise to the duty to provide adequate warning and [therefore] was a necessary incident to the operation of the truck. *Id.* at 297, 90 N.W.2d at 586. Section 345.05 is equally applicable here.[4]

In sum, sec. 345.05, Stats., promotes highway safety and protects victims from the risks of the government's use of the highways. *See Lemon v. Federal Ins. Co.,* 111 Wis. 2d 563, 570, 331 N.W.2d 379, 382 (1983). We decline to grant immunity when the legislature has expressly mandated otherwise.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

[4]The county further argues that Frostman's action is barred by sec. 81.15, Stats., providing immunity when the injury is caused by the accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for three weeks. The county contends that the drifting snow, which was being plowed by the county, had not accumulated over three weeks, and therefore the county is immune under this section. This argument is meritless. Frostman alleges that the negligence arose out of the snowplowing operation and not the accumulation of snow, and therefore sec. 81.15 is inapplicable.