PETER GANSER *vs.* FIREMAN'S FUND INSURANCE COMPANY.

December 19, 1885.

Foreign Ins. Co. doing Business here without Authority—Recovery by Insured.—A recovery may be had against an insurance company for a loss insured against, although the defendant had not complied with the statutory requirements so as to be authorized to engage in business in this state.

Pleading—Parol Insurance.—In an action upon a parol contract of insurance, it is not necessary that the complaint set forth the terms of a policy issued after the loss had occurred.

Contract to pay Money—Demand.—When a contract obligation to pay a stated sum of money becomes complete, a right of action to recover it arises at once, in the absence of any agreement making a previous demand necessary.

Action upon an oral contract of fire-insurance. Appeal by defendant from an order of the district court for Steele county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

*Berry & Morey*, for appellant.

*A. C. Hickman*, for respondent.

DICKINSON, J. The points presented by the defendant in support of its demurrer to the complaint are—*First*, that it is not alleged that the defendant, a foreign corporation, has complied with the requirements of our statute so that it is authorized to do business in this state; *second*, that neither the terms nor the substance of the policy of insurance are stated in the complaint; and, *third*, that it does not appear that the money sought to be recovered is due or has been demanded.

1. The defendant was not authorized to engage in the business of insurance in this state without having first complied with the statutory requirements; but the right of the plaintiff to recover does not depend upon the fact of the defendant having done so, and the complaint is not defective because it does not aver the fact. Even if the defendant had not thus become authorized to make the contract of insurance upon which a recovery is sought, it could not set up its own default of duty to defeat an action by one who had innocently contracted with it. *Swan* v. *Watertown Fire Ins. Co.*, 96 Pa. St. 37; *Clay F. & M. Ins. Co.* v. *Huron Salt, etc., Co.*, 31 Mich. 346; *Germania Ins. Co.* v. *Curran*, 8 Kan. 9.

2. The complaint sets forth a parol contract of insurance by the defendant, upon certain described property of the plaintiff, against loss by fire, for the period of one year from the time of making such contract, in consideration of $50 promised by plaintiff to be paid on demand. It alleges the subsequent executing and delivery of a policy of insurance, according to the terms of the prior agreement, but that before the policy was delivered to the plaintiff the property was destroyed by fire. The action is upon the parol contract. The making of such a contract, and the occurrence of the loss insured against, are alleged. It was not necessary to set forth the terms of the policy, which, since it was not delivered until after the loss had occurred, was not the contract of insurance, so far as can be inferred from the facts

stated, although it might be evidence of the contract. *Salisbury* v. *Hekla Fire Ins. Co.*, 32 Minn. 458.

3. It is averred that the plaintiff gave notice to the defendant of the loss, and made proof of the same, as required by the terms of the agreement, prior to the 17th day of September, 1884. This action was not commenced until January following. It does not appear, and it is not to be presumed, that the defendant stipulated for any allowance of time, after the loss should occur, in which to make payment; nor that payment should not be required until demand should be made. When a contract obligation to pay a stated sum of money becomes complete, a right of action to recover it arises at once, in the absence of any agreement making a previous demand necessary. Leake on Contracts, 642; *Locklin* v. *Moore*, 57 N. Y. 360; *Watson* v. *Walker*, 23 N. H. 471. It does not, therefore, appear from the complaint that the action was prematurely commenced.

Order affirmed.