## LUCHTE v
## STATE AUTOMOBILE MUTUAL INS CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4676. Decided Jan 14, 1935

Wm. P. Hohman, Cincinnati, and Harry Neal Smith, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and H. F. Holscher, Columbus, for defendant in error.

650

## OPINION

By HAMILTON, PJ.

It must be borne in mind that the law is, that even though the trial of the case might have developed no liability on the part of the Insurancve Company, it would not relieve the Insurance Company from defending the suit, if, as above stated, the petition alleged a case covered by the policy.

In the case of **Bloom-Rosenblum-Kline Co. v Union Indemnity Co., 121 Oh St, 220,** at page 226, the court in the opinion states:

"The contract of the company does not contemplate that its duty arises subsequent to the trial of such case and a final determination of the question of the liability of the assured. This agreement to make the defense on behalf of the assured whenever a suit is brought against it to enforce such claim for damages is a valuable provision of the policy, but it would have little value, and would be rendered almost meaningless, if the duty of the company with respect thereto did not arise when an action was brought against the assured based upon a claim of injury by an automobile covered by such policy."

However, the liability to defend must be brought within the coverage of the policy and involve the subject-matter in the insured, which in this case was the truck belonging to the plaintiff. It certainly would not be claimed that if Luchte had been sued by the administrator of Bell for an assault resulting in the death of the decedent, that on such a case and such a petition the Insurance Company by reason of their policy concerning coverage in the use of the automobile truck, would have to defend the suit. This of course is an extreme case, but indicates the application of the liability sought to be imposed on the Insurance Company under the policy. In other words, the Insurance Company would not be bound to defend a suit unless the law suit was predicated upon the wrongful acts brought about by the use, ownership, maintenance, and operation of the motor vehicle.

The petition in the case of Administrator of the Estate of Bell v Luchte alleges as an act of negligence on the part of the defendant:

"That on or about the twenty-second day of January, 1931, at or about 7:00

o'clock, A. M., it then being dark and before sunrise, the defendants, through their agent, servant and employe, EDWARD J. LUCHTE, unloaded certain coal in Sherman Avenue, on the southerly side thereof, in front of the premises known and numbered as 1707 Sherman Avenue, in the City of Norwood, State of Ohio, and unlawfully, wrongfully and negligently caused said public highway to be obstructed with said coal, without warning or signal to others rightfully upon said highway, and without placing any lights as a means of warning, especially to the decedent, and then and there, unlawfully, wrongfully and negligently failed, neglected and refused to place, or cause to be placed, two lights in or near the space in Sherman Avenue so occupied and obstructed."

The petition further alleges that the decedent Bell riding a motorcycle on Sherman Avenue came in contact with the pile of coal, was thrown to the pavement and died from the injuries received.

The petition further alleges a certain ordinance of the City of Norwood with reference to the obstruction of streets and the placing of lights on building material, etc., and alleges that the defendants violated that ordinance.

There is no allegation in the petition that the negligent act was due to the use, ownership, maintenance, or operation of the motor truck. The only allegation with reference to the truck, contained in the petition, is that the defendants were the owners of a certain motor truck and were engaged in the coal business. It is claimed that by reason of the fact that the coal was delivered by one of the trucks covered by the policy brings the case within the coverage of the insurance. The negligent act, in substance, was dumping a pile of coal in front of the premises and leaving the same without warning lights.

We are unable to see any connection between the alleged negligent acts and the coverage under the policy, and the Insurance Company was not bound under that contract to defend the suit.

We have examined the cases submitted, but do not find the cases present the same state of facts as are presented here. For instance, in the case of Panhandle Steel Products Co. v Fidelity Union Casualty Co., 23 SW (2d) 799, a similar policy was issued on a truck, and the court held in that case that it was not necessary that the injuries be the proximate result of the use of the truck, that even if the cause was remote, it would still be covered under the policy, requiring the defendant to defend the suit.

Undoubtedly that is the law and was so pronounced in the case of Bloom-Rosen-Blum-Kline Co. v Indemnity Co., supra.

In the case under consideration if we were to proceed on the theory that in the damage case it was alleged that the coal was dumped by one of the trucks covered by the policy, we would still have the situation that the petition does not ground negligence in the use of the truck. The negligent act alleged is leaving the pile of coal unprotected and without lights or warning, contrary to the ordinance of the city. The truck had left the pile of coal and had turned in the street to return to its place of business.

In the Panhandle Steel Products v Fidelity Union Co., case supra, it is stated:

"Furthermore, damages for the negligent manner in which the beam was unloaded, for which plaintiff was held liable to Miss Godley, was one of the risks covered by the policy, if the injury was the result of the use of the truck within the meaning of the policy."

It therefore would appear in that case that the injury resulted from the negligent manner in which the truck was unloaded. If, after the truck had been unloaded, and the steel beams were left on a public way, without guard, and Miss Godley had been injured by falling over the steel beams, left in the public street, we would have the same situation as is presented in this case. Had the cause of action in the Panhandle Steel Products case been grounded on the failure to light the steel beams so unloaded and left lying in the street, the court might have reached an entirely different conclusion.

Our conclusion is, that the subject-matter of the suit by the administrator of the Estate of Bell, as alleged in the petition, was not within the purview of the policy contract, requiring the Insurance Company to defend that suit.

The Municipal Court of Cincinnati was correct in instructing a verdict for the defendant Insurance Company, and the Common Pleas Court did not err in affirming that judgment.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court is affirmed.

ROSS, J, concurs.