FITZGERALD, Appellant, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LIMITED, MUTUAL, Respondent.

*December 8, 1937—January 11, 1938.*

522

For the appellant there was a brief by *J. E. O'Brien* of Fond du Lac, attorney, and *Walter D. Corrigan, Sr.,* of Milwaukee of counsel, and oral argument by *Mr. O'Brien.*

*D. J. Regan* of Milwaukee, for the respondent.

FAIRCHILD, J. Under the terms of its insurance contract, the Milwaukee Automobile Insurance Company, Limited, Mutual, undertook to protect Westphal against certain liabilities, and included therein liability resulting from negligence on the part of the insured while loading and unloading

his truck, with the provision, however, that that particular protection was to exist only until other insurance covering that risk was secured by the insured. The evidence shows that this conditional coverage furnished by the Milwaukee Automobile Insurance Company existed fifteen days, and at that time the insured had secured the additional insurance. The accident out of which this controversy arises did not occur during those fifteen days.

As seen from the statement of facts, the terms of this policy at the time of the injury of the plaintiff excluded from coverage the operation of loading and unloading the truck. In the plaintiff's effort to overcome the effect of the plain language of the contract, he advances several propositions, among them: (1) That the provision suspending the policy when other insurance exists is void; (2) that the insurance with the Hardware Mutual did not constitute the "other insurance" within the meaning of the policy; (3) that under the facts of this case the plaintiff is entitled to assert that the Insurance Company is estopped to claim forfeiture, and that the trial court erred in holding that it had not waived the policy provision by consenting to and advising the issuance of other insurance and by prosecuting the defense of the insured during the trial.

(1) There are certain statutes which must be considered part of each policy covering liability arising out of the use of automobiles, but none of these statutes require an insurance company to include in its policy coverage of the actual operations of loading and unloading a truck. The statutes on which the plaintiff bases his claim of invalidity have been recently discussed in *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881; *Bohnsack v. Huson-Ziegler Co., Inc.,* 212 Wis. 65, 248 N. W. 764; *Segall v. Ohio Casualty Co.* 224 Wis. 379, 272 N. W. 665. No standardized policy regulations prevent either the insured or the in-

surer from contracting with reference to the extent of coverage as related to loading and unloading the automobile, so that, when the other insurance became effective, the coverage with relation to loading and unloading, according to the terms of the contract, ceased and the other coverage provided for in the policy continued.

(2) The insured did secure additional insurance. He procured a policy described as "general liability" from the Hardware Mutual. It seems to be conceded that this latter policy protected the insured to the extent of $5,000 against liability arising out of the negligence of his employees in delivering the wood at the place where the injury to the plaintiff occurred. This, under the terms of the agreement with the Milwaukee Automobile Insurance Company, constituted the additional or other insurance, and relieved the insurer from the loading and unloading coverage. It cannot be maintained that the words "other insurance" were intended to refer only to additional automobile liability policies. It appears from the policy of the Hardware Mutual that it undertook to protect the insured against liability resulting from an injury accidentally suffered by any person either on the premises of the insured or elsewhere, if caused by the employees of the insured engaged as such in the line of their employment.

(3) No facts exist on which to base a claim of a misleading of the insured sufficient to estop the Insurance Company from asserting that the loss is not within the terms of the contract. *Two Rivers D. & D. Co. v. Maryland C. Co.* 168 Wis. 96, 169 N. W. 291. As the contracts stood at the time the plaintiff was injured, there was no agreement on the part of the Milwaukee Automobile Insurance Company to protect Westphal from liability arising out of negligence occurring in the loading or unloading of the truck. This leaves the plaintiff without any ground on which to base a claim that the operation was within the terms of the policy or to create

a liability for a benefit not contracted for. We agree with the trial court in its conclusion that, in view of the fact that during the life of the policy issued by the Hardware Mutual—

"the coverage over situations like those involved in plaintiff's claim by the Milwaukee Insurance Company, was suspended, no liability attached to it on the claim of the plaintiff."

The contention that the Insurance Company by assisting Westphal in the defense committed itself to the protection of Westphal is not available to the plaintiff in this case and, as said by the trial court,—

"Any evidence of negligent handling of the claim by the insurance company under the circumstances would be immaterial."

*By the Court.*—Judgment affirmed.