**WOLF et al. v. EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.**

No. 60.

District Court, D. Minnesota, Second Division.

March 20, 1941.

636

Paul J. McGough and Wright W. Brooks (of Faegre, Benson & Krause), both of Minneapolis, Minn., for defendant.

Joseph N. Moonan and Ray G. Moonan (of Moonan & Moonan), both of Waseca, Minn., and Murray Hughes and Albert B. Hughes, both of Worthington, Minn., for plaintiffs.

NORDBYE, District Judge.

The motion gives rise to the interpretation to be given to an exclusion clause in the policy of automobile insurance issued to Carl Wolf, which is the subject matter of the action. The policy contains the following restrictive endorsement which modifies the so-called omnibus coverage clause in the policy:

"It is agreed that this policy is amended as herein stated. The coverage for bodily liability and/or property damage liability provided by this policy shall not apply while the automobile described herein is being operated by or in charge of the insured's son, Leo Wolf."

An accident occurred when Leo Wolf was driving the car. The defendant refused to defend. Plaintiffs settled the litigation which ensued and now proceed against the defendant on the policy. It is conceded that, at the time the accident took place, the car was being driven by insured's son, Leo Wolf, and that if the restrictive endorsement referred to is valid and binding, defendant should have judgment as prayed for. Plaintiffs contend that the defendant is a mutual company and therefore the attempted endorsement is void in that it violates the principle of mutuality. But it is clear that the basic principle of mutuality is not violated: The insured paid the required premium and retained his right to participate mutually in any surplus premiums which might accrue. The fund for losses and liabilities was not in any degree impaired by the contract in question.

There is, furthermore, no arbitrary discrimination against one class or group in favor of another. The fact that some differences may exist in the rights of the respective members under their policies in a mutual company does not necessarily spell an illegal discrimination. Here, we have no arbitrary discrimination or distinction between the members. A man in Minneapolis, for instance, may pay more for his insurance than one living in the rural sections. A bachelor, with no family or relatives, without violating the discrimination rule, may be required to pay the same premium as a family man, although under such circumstances the coverage would not be as extensive. Analyzing, therefore, the alleged illegal discrimination herein, it seems evident that the remaining policy holders are not prejudiced by reason of the restrictive endorsement contained in this policy; rather, they are benefited by such restriction, which may tend to lessen the losses that they must all mutually bear. Carl Wolf cannot complain. He, without fraud, ignorance or mistake, voluntarily entered into this contract. The discrimination rule should not be applied to ridiculous extents. Assume, for instance, that in a family in a state where no driver's license is required, there is one who is feeble-minded, but, notwithstanding his mental limitations, is able to drive a car. Or assume that in the family there is a man whose eyesight is so poor that when he drives an automobile he is a menace to the public. Can it be maintained that, under

these circumstances, the principle of mutuality or no discrimination as between the members would prevent a mutual company from providing suitable restrictive endorsements to any policy which it might issue so as to exempt itself from coverage if such potential hazards drove the family car? Any other construction would be an encouragement to some insureds to permit such persons to be in charge of such a dangerous instrumentality as a high-powered automobile. Mutual companies compete with the old-line companies and should be accorded reasonable discretion as to the risks they will assume, provided that they do not violate the basic principle of mutuality. There are no statutory, charter or by-law restrictions which prevent the issuance of this form of policy. Furthermore, there is no showing that the defendant, in writing this policy, did not conform to a uniform practice in excepting from coverage persons who, for any sound reason, are considered as extra-hazardous risks. This restrictive endorsement was not only attached to the policies issued by this company to the insured during the years 1937, 1938 and 1939, but it is also to be found in the policy issued to him by another company which covered the risk prior to the 1937 policy.

There is no statute in the State of Minnesota which requires that all drivers of automobiles be covered by insurance. The so-called omnibus coverage clause is presumably an outgrowth of competition in this particular field of insurance. However, public policy does not require an omnibus coverage without any restrictive endorsement. In this State, one is free to enter into any type of automobile insurance contract which may be agreed upon between the parties, and this Court should not ignore the plain and unambiguous, and as far as this showing is concerned, reasonable terms of a voluntary contract.

Reference has been made to certain general Wisconsin statutes pertaining to all automobile insurance policies, but they are not pertinent because these statutes by their own express language are limited in their application to Wisconsin contracts, and the within policy is concededly a Minnesota contract.

It appearing, therefore, that there being no genuine issue as to any material fact, defendant is entitled to a summary judgment. It is so ordered. An exception is allowed to the plaintiffs.