SANDSTROM, Respondent, vs. ESTATE OF CLAUSEN and others, Defendants: HARDWARE MUTUAL CASUALTY COMPANY, Appellant.

*February 6—March 6, 1951.*

For the appellant there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman*.

*F. W. Cosgrove,* attorney, and *S. Richard Heath* of counsel, both of Fond du Lac, for the respondent.

BROWN, J. Sec. 204.30 (3), Stats., has remained unchanged since 1943. Numerous cases have come before us requiring its interpretation and have resulted in decisions which it now seems impossible to reconcile. In such a situation we consider it advisable to re-examine the statute with as little bias as possible because of what we have said on other occasions. So viewed, and in the light of our experience with

many cases which have presented various aspects of the problems which the statute is designed to treat, we conclude that by the purchase and sale of a policy such as the one described in the foregoing statement of facts the insurer and the named insured have agreed that the latter shall not have insurance against claims brought by his own employees against him. By the "Definition of 'Insured'" in the policy and by the omnibus coverage of sec. 204.30 (3) incorporated in the policy by law, the indemnity which the named insured has is extended to apply in the same manner and under the same provisions as it is applicable to the named assured to those who operate the automobile with the named assured's consent, and also to those who are legally responsible for its operation, provided that operation is with the consent of the named assured. That is, assuming such consent, just as the named assured has no insurance protection if the claim is by his own employee but is protected against the claims of all others, so an additional insured has no protection when the claim is by his employee but is protected against the claims of persons not so related to him, no matter who else may be the employer of the claimant.

Insurance companies have consistently attempted to limit their liability by proposing that if any possible party against whom the injured person might have made a claim was such person's employer, then the actual defendant, regardless of such relationship, is excluded from coverage. We do not think that this was the intent of the legislature when it enacted sec. 204.30 (3), Stats., nor that such a result is required by the language of that section.

To direct our attention to the instant case, Clausen bought a policy which did not provide coverage for him if claim was made arising from the bodily injury or death of any of his employees while engaged in the employment but which did protect him against the claims of others. Sandstrom was such another and the insurer must give to Clausen the protection

specified. If Sandstrom had sued the Soo Line, as the principal of Clausen, the tort-feasor, the insurer would not have had to protect that defendant since it had covenanted not to insure against claims brought by the employee of the party calling for protection. The lack of coverage accorded the actual employer of the plaintiff cannot be carried over to withdraw protection when the claim is made by the employee of any other than the party against whom the action is brought. Accordingly, Clausen's insurer, Hardware Mutual Casualty Company, must protect him to the limits of its policy against the claim of Sandstrom who was not his employee, and the learned trial court committed no error in denying the company's motion for summary judgment dismissing plaintiff's complaint against it. It has been urged upon us that *Narloch v. Church* (1940), 234 Wis. 155, 290 N. W. 595, and *Vick v. Brown* (1949), 255 Wis. 147, 38 N. W. (2d) 716, have already overruled *Brandt v. Employers' Liability Assur. Corp.* (1938), 228 Wis. 328, 280 N. W. 403. Whether they did or not, we recognize and expressly state that our instant decision does so.

*By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.