ZIPPEL, Plaintiff and Respondent, vs. COUNTRY GARDENS, INC., Defendant: FIREMAN'S FUND INDEMNITY COMPANY, Defendant and Appellant: DEROCHER and others, Defendants and Respondents.

*November 6—December 2, 1952.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

For the respondent Augustus Zippel there was a brief by *Lehner & Lehner, Adolph P. Lehner, Howard N. Lehner,* and *Eugene E. Behling,* all of Oconto Falls, and for the respondent Joseph E. Derocher by *Krueger & Plier* and *James E. Plier,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondents Ed. Murphy Construction Company, General Casualty Company of Wisconsin, and Ralph Murphy there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David L. Fulton.*

GEHL, J. Fireman's Fund Indemnity Company, the appellant, contends that the quoted exclusion provision relieves it of liability to plaintiff.

Sec. 204.30 (3), Stats., provides as follows:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person . . . operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. . . ."

Appellant's argument overlooks or seeks to ignore this statutory provision which by its terms makes it a part of the contract. It is not disputed that the truck was "being used for purposes and in the manner described in said policy." We agree with counsel that until *Sandstrom v. Estate of Clausen,* 258 Wis. 534, 46 N. W. (2d) 831, there had been

some inconsistency in the court's previous decisions in cases concerned with the statute and similar policy provisions. Any doubt which might have existed as to their construction as applied to a situation such as we have here was removed, however, by the decision and opinion in that case.

We adhere to the rule of that case. By virtue of the statute Derocher was an additional assured entitled to the benefits of the policy.

*By the Court.*—Order affirmed.