**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**Gerald E. ALLEN, also known as Gerald R. Allen and the Farmers Insurance Group, also known as Truck Insurance Exchange, Defendants.**

No. 3–68 Civ. 209.

United States District Court
D. Minnesota,
Third Division.

Oct. 24, 1969.

Jardine, Logan & O'Brien, by John R. O'Brien, St. Paul, Minn., for plaintiff.

Rider, Bennett, Egan, Johnson & Arundel, by Chester D. Johnson, Minneapolis, Minn., for defendant Farmers Ins. Group a/k/a Truck Insurance Exchange.

NEVILLE, District Judge.

This case involves exclusionary language in a liability insurance policy issued by defendant Farmers Insurance Group also known as Truck Insurance Exchange (TIE) to Pacific Intermountain Express Company (PIE) as the named insured, reading in pertinent part as follows:

> "* * * it is agreed that the insurance for Bodily Injury Liability * * * does not apply to injury * * * which arises out of the loading or unloading of an automobile, if the accident occurs on premises * * * owned, rented or controlled either by the person or by the employer of the person against whom claim is made or suit is brought for such injury. * * *"

On or about July 31, 1967 one Allen, an employee of PIE the named insured over-the-road trucking company, was injured in Minnesota while a vehicle owned by PIE and under Allen's control was being loaded at the loading dock of Sperry Rand Company with machinery that had been manufactured by such Company. Carlson, a Sperry Rand employee, was claimed to be negligently operating a forklift truck on and entering the PIE vehicle. Plaintiff claims that the PIE vehicle was thus being "used"

within the language of the policy coverage by Carlson with the consent of PIE, the named insured and that Carlson therefore is an insured under the policy.

In due course Allen made claim and brought suit against Sperry Rand, alleging its liability due to the negligence of its employee Carlson. Its insurance carrier, plaintiff above (INA), was obligated to indemnify Sperry Rand for any liability it had. Following institution of suit, INA effected settlement with Allen and paid him $44,000 which the parties have agreed was a reasonable and provident settlement. The present declaratory judgment action seeks reimbursement by way of indemnity or contribution from TIE. INA had previously tendered the defense of the Allen claim to TIE and it had declined the same.

In addition to the above, it is stipulated that Carlson was acting in the course of his employment with Sperry Rand when the injury to Allen occurred; that Sperry Rand and thus its insurer INA were liable to Allen based only on the negligence of Carlson; that Carlson had permission to load equipment onto the vehicle of PIE; that Sperry Rand is not a named insured under TIE's policy and that the accident occurred on premises owned by Sperry Rand, the company against whom Allen made claim; that Allen, having been paid and having released his claims no longer is a necessary, proper or indispensable party to the present lawsuit.

Counsel have agreed that the court first shall construe the TIE policy issued to PIE and determine whether or not such policy affords coverage to Carlson as respects the Allen injury and, if so, the rights and liabilities of INA and TIE with regards thereto.

There is no doubt that Allen as an employee of PIE was covered under the TIE policy if while performing his over-the-road truck driving duties or any other duties of his employment he negligently injured someone. In the case at hand, however, Allen was not charged with any negligent operation of the PIE motor vehicle or otherwise. Apparently he was within it at the time Carlson, the Sperry Rand employee, so operated the forklift as to injure him. The effort is made in effect to claim coverage by TIE of Carlson, the Sperry Rand employee.

The language involving limitation of coverage seems clear. The policy does not apply "to injury  *  *  *  which arises out of the loading or unloading of an automobile if the accident occurs on premises  *  *  *  owned  *  *  *  or controlled  *  *  *  by the person or by the employer of the person against whom claim is made." The claim by Allen for his injuries was for an accident occurring on premises owned "by the employer of the person against whom claim is made", i.e., Carlson and/or Sperry Rand.

INA urges that the term "use" in the policy includes loading and unloading and that Carlson was using the vehicle because the accident occurred during and as a result of a loading operation being carried on by Carlson. There appears to be good authority in support of plaintiff's contention as to the definition of the word "use". See American Oil Co. v. Hardware Mutual Casualty Co., 408 F.2d 1365 (1st Cir.1969); Travelers Ins. Co. v. American Fidelity & Casualty Co., 164 F.Supp. 393 (D.Minn.1958); Liberty Mutual Ins. Co. v. Truck Ins. Exchange, 245 Or. 30, 420 P.2d 66 (1966); Woodrich Construction Co. v. Indemnity Ins. Co., 252 Minn. 86, 89 N. W.2d 412 (1958). This court does not believe that the cases cited by plaintiff are controlling. None of these cases involved policies which contained an endorsed limitation purporting to exclude coverage of certain loading or unloading activity. Because such an exclusionary clause does appear in the TIE policy, the court does not believe that the cases cited by plaintiff are apposite.

Plaintiff recognizes the exclusionary clause, but contends that it should be read narrowly so as not to exclude coverage in the instant case. In support of its argument plaintiff points out that

(1) Carlson, the forklift operator, was not a person "against whom claim is made or suit is brought;" (2) Carlson is not an employer of the person against whom claim is made or suit is brought; and (3) Carlson did not own, rent or control the premises on which the injury occurred.

Defendant's argument is premised on the fact that in asserting a claim for his injury Allen named only Sperry Rand in the lawsuit he brought and did not name Sperry Rand's servant, Carlson. It is a stipulated fact however "that Sperry Rand's liability would be based only on the negligence of said Carlson." Sperry Rand was liable thus solely under the doctrine of *respondeat superior*. If Carlson had been joined as a party, defendant's present argument would disappear completely for then clearly Carlson would have been one "against whom claim is made or suit is brought." It is obvious of course that Carlson was not the employer of the one against whom claim was made, i.e., Sperry Rand and it is clear that Carlson did not own the premises.

It seems to the court that such a contention as defendant asserts is too narrow and thus is specious. The intent of the policy was to exclude just such an occurrence as here took place. It was not intended that PIE as an employer or TIE as its insurer should be liable to its employee, Allen, under workmen's compensation law for an injury occurring in the course of his employment and in addition be liable to the same employee under common law principles on the theory that it insured someone else's employee (Sperry Rand's employee Carlson) who happened to be "using" the truck by loading and in so doing injured Allen. To subscribe to the defendant's contention would result in an employer's double liability to an employee by virtue of the fact that the employee of someone else happened to be loading the vehicle and thus was "using" it. Under the policy exclusion when PIE's own employee Allen was injured by the negligence of the employee of a customer whom it was serving, i.e., Sperry Rand, the customer's employee did not become an insured under the TIE policy even though such customer's employee was "using" the vehicle. The court does not agree with defendant's contention.

While the TIE policy here involved did not contain a general or perhaps the traditional "employee exclusion" clause, yet such appears to be the purpose and intent of the clause here involved under the circumstances of this case. The reasoning is persuasive that is found in Kelly v. State Automobile Ins. Ass'n, 288 F.2d 734 (6th Cir.1961) and in Hanover Ins. Co. v. Travelers Indem. Co., 318 F. 2d 306 (8th Cir.1963). The language of the exclusionary clause is clear and must be given effect despite the fortuitious circumstance that Allen happened to assert his claim in his lawsuit only against Sperry Rand and not against both Sperry Rand and Carlson its employer.

Accordingly, plaintiff's claim must be dismissed and judgment is entered for defendant on the merits.

A separate order has been entered and this memorandum decision contains the court's findings of fact as contemplated by Rule 52(a) of the Federal Rules of Civil Procedure.